# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICKERS BEAUCHAMPS, | : | Civil No. 1:22-CV-01089 |
| Plaintiff, | : | |
| v. | : | |
| WILLIAM BECHTOLD, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendants' motion to dismiss this action. (Doc. 15.) Also pending before the court are Plaintiff's motions to subpoena electronic grievances. (Docs. 25, 29.) Plaintiff Nickers Beauchamps ("Plaintiff") is an inmate currently housed at the Franklin County Jail ("FCJ") in Chambersburg, Pennsylvania, and is self-represented in this 42 U.S.C. § 1983 action. Plaintiff's complaint is lodged against jail supervisors and fails to allege any physical injury. As such, the court finds that Plaintiff as failed to state a claim for which relief can be granted. Therefore, the court will grant Defendants' motion for to dismiss with leave for Plaintiff to timely amend the complaint. As a result, Plaintiff's motions to subpoena electronic grievances will be denied as moot.

1

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint in July of 2022 naming four defendants: (1) William D. Bechtold ("Bechtold"), Warden at FCJ; (2) Jeff Scott ("Scott"), Deputy Warden at FCJ; (3) Michelle Weller ("Weller"), Deputy Warden at FCJ; and (4) J. Sterner ("Sterner"), Director of Inmate Management at FCJ. (Doc. 1, pp. 1–3.)[1]

In the complaint, Plaintiff alleges that he was discriminated against between October 27, 2020 and December 28, 2021. (*Id.*, p.4.) Specifically, he alleges that Ms. Jones threatened to send him to "the hole," and a week later, while he was working, Ms. Jones called Lieutenant Long to the kitchen and told him that Plaintiff was not working and proceeded to send him to "the hole." (*Id.*) Plaintiff alleges that he received ten days in "the hole" by Lieutenant Melusky. (*Id.*) He also alleges that during this time he was given food on dirty trays. (*Id.*) He states that Officer Worrick took a picture of a tray with fungus on it and that he believed Officer J. Sterner destroyed some of his paper grievances denying him the chance to continue his grievance process. (*Id.*, pp. 4, 6.) Next, Plaintiff's complaint states that from March 31, 2022 to the date of filing he receive flavored juice as a milk substitute and he was otherwise not receiving adequate nutrition. (*Id.*) Specifically, Plaintiff alleges that on May 21, May 30, June 4, and June 5 of 2022

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

he did not receive a cheese substitute, on June 17, 2022 he only received one ounce of peanut butter, and on June 18, 19, and 20 of 2022 he received no protein. (*Id.*) He also alleges that on June 22, 2022, there was saliva on his cake. (*Id.*, p. 7.) As an injury, Plaintiff alleges "mental anguish and malnutrition." (*Id.*, p. 8.) As relief, Plaintiff seeks "compensatory, monetary, and punitive damages. And adequate nutrition." (*Id.*)

Defendants filed a motion to dismiss for failure to state a claim and a brief in support on August 12, 2022. (Docs. 15, 16.) Plaintiff filed two briefs in opposition in November of 2022, with the first addressing the alleged facts and the second addressing relevant case law. (Docs. 27, 28.) Defendants did not file a reply. This motion to dismiss is now ripe and will be addressed by the court. Plaintiff has also filed two motions to subpoena electronic grievances, which will be addressed by the court in this memorandum. (Docs. 25, 29.)

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at FCJ, located in Franklin County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of*

4

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. All Claims Against Defendants Bechtold, Scott, and Weller Will Be Dismissed Without Prejudice.

Defendants Bechtold, Scott, and Weller are supervisors at FCJ. (Doc. 1, pp. 2–3.) Plaintiff fails to allege any conduct on their part in the alleged facts giving rise to his claims. Therefore, the court infers that all claims raised against these Defendants are based on their status as supervisors and not their personal involvement.

"[An individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of [respondent] superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). Since Plaintiff fails to allege any personal involvement on the part of these Defendants, all claims against them will be dismissed without prejudice.

### B. All Claims Against Defendant Sterner Will Be Dismissed Without Prejudice.

The court now turns to the claims raised against Defendant Sterner, who is the sole Defendant named in Plaintiff's alleged facts giving rise to his claims. Plaintiff alleges that he believes it was Defendant Sterner who destroyed paper

grievances that prevented him from proceeding with grievances after his release from "the hole" in December of 2021. (Doc. 1, pp. 4, 6.) However, Plaintiff fails to state what issues the destroyed grievances sought to address or if they were even related to the other facts alleged in his complaint. Accordingly, it is unclear if the claim regarding the paper grievances relates to the other issues raised in the complaint.

Additionally, Plaintiff's alleged injury is limited to "mental anguish and malnutrition," and seeks relief in the form of "compensatory, monetary, and punitive damages. And adequate nutrition." (*Id.*, p. 8.) Thus, while Plaintiff has demonstrated some personal involvement by Defendant Sterner related to the alleged destruction of paper grievances, he has still failed to state a claim for which relief can be granted. That is because the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, restricts a prisoner's ability to recover compensatory damages for solely mental and emotional injuries. "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Third Circuit Court of Appeals held that in order to satisfy § 1997e(e)'s physical injury requirement, a plaintiff must demonstrate a less than significant, but more than *de minimis*, physical injury. *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). In

*Mitchell*, the Third Circuit also found that § 1997e(e) did not apply to claims seeking injunctive or declaratory relief. *Id.*

Here, Plaintiff has failed to allege any physical injury resulting from the alleged facts.[2]  The court acknowledges that he alleges malnutrition in the complaint, but he failed to allege any illness or injury associated with the malnutrition in the complaint.  Plaintiff seeks injunctive relief in the form of "adequate nutrition." (Doc. 1, p. 8.)  However, there is no stated link between Defendant Sterner's alleged destruction of paper grievances (about unidentified issues) and Plaintiff's alleged lack of nutrition.  Therefore, if injunctive relief were to be granted, it is unknown if Defendant Sterner would be the correct party to provide such relief.  Plaintiff's complaint has limited Defendant Sterner's role to the handling of grievances, not food services.  Therefore, the claims against Defendant Sterner must be dismissed without prejudice for failure to state a claim for which relief can be granted.

---

[2] The court notes that Plaintiff's responsive briefing addresses the existence of a stomach tumor and alleges this tumor is the result of malnutrition, Docs. 27, 27-1, but this tumor was not alleged in the complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted. The claims against all Defendants will be dismissed without prejudice. Since the complaint will be dismissed, Plaintiff's motions for subpoenas will be denied as moot.

Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Plaintiff will be granted leave to file an amended complaint, but he must clearly label the document as his second amended complaint and use the docket number assigned to this case. Should Plaintiff fail to timely file an amended complaint within thirty days, the case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: February 14, 2023